# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-30784
Summary Calendar

ROBERT N CREAMER

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:07-CV-519

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert Creamer appeals the district court's dismissal of his pro se complaint for lack of subject-matter jurisdiction. We AFFIRM.

Creamer filed his complaint in the district court on March 16, 2007, seeking a declaration that his thirty-five acres of property had seceded from the United States. He alternatively sought for the United States to purchase all of his real and personal property for $50,000,000.00. Creamer alleged that his civil

---

[*] Pursuant to 5TH CIR. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and constitutional rights had been violated over the years by various state and federal enforcement agencies and courts in Texas and Louisiana. As identified in his complaint, Creamer's underlying motivation stems from his involvement in several legal proceedings over the last forty years. Creamer states that he filed this suit to obtain justice that he failed to receive in the past. His complaint, however, did not allege a congressional waiver of sovereign immunity. On May 24, 2007, the United States moved to dismiss Creamer's complaint for lack of subject-matter jurisdiction based upon sovereign immunity. This motion was referred to a magistrate judge, who issued a report recommending that Creamer's complaint be dismissed for lack of subject-matter jurisdiction. The district court adopted the report and recommendation and entered judgment dismissing the complaint. Creamer appealed.

"We review a dismissal for lack of subject-matter jurisdiction de novo." Lundeen v. Mineta, 291 F.3d 300, 303 (5th Cir. 2002).

We have provided that "[e]xcept when waived, the United States has sovereign immunity from suit." Bodin v. Vagshenian, 462 F.3d 481, 484 (5th Cir. 2006). "A waiver must be unequivocally expressed in the statutory text and will not be implied. . . . Numerous Supreme Court opinions hold that courts should construe statutes against waiver unless Congress has explicitly provided for it." Lundeen, 291 F.3d at 304 (citation omitted). As a result, "no suit may be maintained against the United States unless the suit is brought in exact compliance with the terms of a statute under which the sovereign has consented to be sued." Id. (internal quotations omitted); see also Bodin, 462 F.3d at 484 (holding that without a waiver of sovereign immunity, the federal courts are without jurisdiction to hear claims against the United States). The burden rests with Creamer to show such consent, because he is the party asserting federal jurisdiction. See Lundeen, 291 F.3d at 304.

Based upon our review of Creamer's complaint, we hold that he has not identified any statute enacted by Congress that waives the United States' sovereign immunity for the claims he asserts and the relief he seeks. Accordingly, we affirm the district court's dismissal of Creamer's complaint for lack of subject matter jurisdiction.